## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| AMERICAN ELECTRIC POWER SERVICE CORPORATION, *a New York corporation*, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:18-cv-00041-TLS-SLC<br>) |
| INNOVARI INC., *a Delaware corporation*, | )<br>) |
| Defendant. | ) |

## OPINION AND ORDER

On February 16, 2018, Plaintiff American Electric Power Service Corporation, a New York Corporation ("AEP"), filed its complaint against Defendant Innovari, Inc., a Delaware corporation ("Innovari") (DE 1), seeking damages for a breach of contract and the enforcement of the same contract. AEP contemporaneously filed a motion (DE 3) seeking "leave to file the instant matter under seal." Innovari has not file a response to AEP's motion, and its time to do so has now passed. N.D. Ind. L.R. 7-1(d)(2)(A). For the reasons stated below, AEP's motion for leave to file under seal will be GRANTED in part and DENIED in part.

"Judicial proceedings leading to a final decision and materials on which a judicial decision rests are presumptively in the public domain." *Effinger v. United States*, No. 3:10-cv-383, 2011 WL 5828212, at *1 (S.D. Ill. Nov. 18, 2011) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996)). "The public 'at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.'" *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 1:14-cv-36, 2014 WL 7405761, at *1 (S.D. Ind. Dec. 30, 2014) (quoting *Citizens First Nat'l Bank of*

*Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)). "That interest does not always trump the property and privacy interests of the litigants, but it can be overridden only if the latter interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." *Id*. (quoting *Cincinnati Ins. Co.*, 178 F.3d at 945); *see* Fed. R. Civ. P. 26(c).

"Generally, 'the public's right to inspect judicial documents may not be evaded by the wholesale sealing of court papers. Instead, the district court must be sensitive to the rights of the public in determining whether any particular document, or class of documents, is appropriately filed under seal.'" *Effinger*, 2011 WL 5828212, at *1 (quoting *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989)). "Requests to seal an entire proceeding require[] extreme justification." *Id*. (citing *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995)).

Here, AEP seeks leave to file this entire matter under seal pursuant to a provision in the contract giving rise to its suit, which states that AEP must "exercise commercially reasonable efforts to obtain assurance that confidential treatment will be accorded" to the information contained in the contract. (DE 3 at ¶¶ 3-4 (referencing DE 1 at 50-51)). AEP does not state how any harm might occur if this matter is not sealed. "[T]he mere fact that information about plaintiff's lawsuit is accessible to the public is not an adequate reason to seal this case." *Jarecki v. Univ. of Wisconsin-Eu Claire*, No. 14-cv-890-jdp, 2015 WL 2229231, at *3 (W.D. Wis. May 12, 2015); *see also In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992) ("Judicial proceedings in the United States are open to the public."). However, after reviewing the contract attached to the complaint (DE 1 at 10-129), the Court is satisfied that it may contain "economically and

competitively" sensitive information, the value of which is derived in part from the secrecy of that information. *Cook Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248 (S.D. Ind. 2001).

Therefore, AEP's motion for leave to file this matter under seal (DE 3) is GRANTED IN PART AND DENIED IN PART. The contract attached to the complaint may be filed under seal, but AEP may redact only those portions of the complaint that reveal the confidential terms of the contract. AEP is afforded to and including March 16, 2018, to file a publicly available, redacted complaint. The Clerk is DIRECTED to maintain Docket Entry 1, the unredacted complaint and contract, under seal.

SO ORDERED.

Entered this 2nd day of March 2018.

/s Susan Collins
Susan Collins
United States Magistrate Judge